GREGORY PREHODKA, PLAINTIFF-APPELLANT, v. PRENTISS MINTON, DEFENDANT-RESPONDENT.

Submitted February 12, 1937—Decided April 30, 1937.

For the plaintiff-appellant, *David T. Wilentz*.

For the defendant-respondent, *Collins & Corbin, Edward A. Markley* and *Patrick F. McDevitt*.

The opinion of the court was delivered by

DONGES, J.  Plaintiff sued to recover damages for personal injuries and property loss growing out of the collision of his automobile with that of the defendant.  The trial judge directed a verdict for the defendant.

At the trial the plaintiff testified that he was proceeding in a northerly direction along a highway known as Plainfield avenue near Oak Tree road, in the county of Middlesex; that the defendant was the owner and operator of an automobile which he was operating in a southerly direction on the same road; that the paved portion of the road was approximately twenty feet wide; that plaintiff was proceeding upon his right side thereof and continued at all times to be upon the right side of the road; that a short time before the collision between the plaintiff's and defendant's cars, a truck had passed going in the same direction, that is to say in the opposite direction to plaintiff; that the truck passed in safety; that plaintiff continued upon his right side and that as the defendant's car was very close to plaintiff's car, the defendant suddenly turned his car to its left and it struck plaintiff's car on its left front, causing damage to the car and

injuring him. At the trial the count for damage to the car was not pressed.

The defendant, in addition to his own testimony, called his wife and one other witness who testified to facts from which it might be concluded that the defendant was traveling upon his right side of the road and that the plaintiff was approaching from the opposite direction not upon the extreme right but, as the defendant said, more in the center of the road with his left wheels probably a foot or so over the center of the road; that despite the act of the defendant in moving further to the right, his car was sideswiped by the plaintiff's car and damaged. Defendant testified that, although he saw plaintiff approaching in the center of the road, he did not reduce his speed but continued at the same rate and attempted to pull to the right.

It is undisputed that the defendant's car, after the accident, was in a ditch off the road on his left side, evidently having passed behind the plaintiff's car. It was testified that the right front wheel of plaintiff's car was off the paved portion of the road on the shoulder and that the other three wheels were on the paved portion but still on the right side of the road.

In the factual situation presented, we conclude that the learned trial judge committed error in taking the case from the jury. There was a dispute of fact. If the testimony of the plaintiff had been uncontroverted, he would clearly have been entitled to recover. If the jury believed his testimony and not that offered by the defendant, the plaintiff would have a verdict. In this situation, it was for the jury to decide the disputed question of fact.

The judgment under review is reversed, to the end that a *venire de novo* issue.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Hetfield, Dear, Wells, WolfsKeil, Rafferty, Cole, JJ. 16.